IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

HUERTA GONZALEZ, Gerardo      :

                             :

           Petitioner,        :

                             :

      v.                  :                 **CIVIL ACTION**

                             :

JAMISON, J.L., Warden, Federal Detention :

Center, Philadelphia, et al.,        :

                             :

                           :                 **No. 26-3554**

                           :

        Respondents.       :

AND NOW, this 12th day of June, 2026, upon consideration of Gerardo Huerta Gonzalez's

Petition for Writ of Habeas Corpus (ECF No. 1), it is hereby **ORDERED** that the petition is

**GRANTED.**[1]

_____

[1] Petitioner Gerardo Huerta Gonzalez is a 23-year-old native of Mexico, who entered the United States at the U.S.-Mexico border on or about 2022. ECF No. 1 ¶¶ 1, 17. After entering the United States, Petitioner lived in Ohio before ultimately settling in Newark, Delaware with family. *Id*. ¶ 18. Petitioner lived with his sister and her husband, cared for horses at a farm, and worked to support his family. *Id*. ¶ 19. On May 25, 2026, DHS officials arrested Petitioner while he was on his way to work and took him into custody with no prior notice or opportunity to contest his detention. *Id*. ¶ 20. DHS currently detains Petitioner at the Philadelphia Federal Detention Center. *Id*. ¶¶ 2, 21. Petitioner has never been charged with a violent crime and has never been convicted of any crime at all, anywhere in the world. Id. ¶ 52. DHS purports to hold Petitioner under 8 U.S.C. § 1225(b)(2)(A). *Id*. ¶¶ 2, 22. On May 26, 2026, Petitioner filed this Petition for Writ of Habeas Corpus, seeking immediate release from detention. ECF No. 1.

Petitioner challenges the government's position that he is subject to mandatory detention without a bond hearing under 8 U.S.C. § 1225(b)(2)(A), a position that has been categorically rejected by the vast majority of district courts. See ECF No. 1 ¶ 3. Indeed, of the over 400 petitions brought in this District, this Court is unaware of a single one agreeing with the government. This Court again rejects the government's position and holds Petitioner's detention without a bond hearing violates the Immigration and Nationality Act.

Individuals like Petitioner, who have lived in the United States for years, are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). A non-citizen is only subject to mandatory detention under § 1225(b)(2)(A) if he (1) is an "applicant for admission"; (2) is "seeking admission"; and (3) is "not clearly and beyond a doubt entitled to be admitted." 8 U.S.C. § 1225(b)(2)(A); see *Kashranov v. Jamison*, No. 2:25-cv-05555, 2025 WL 3188399, at *6 (E.D. Pa. Nov. 14, 2025) (Wolson, J.). "'Seeking admission' describes active and ongoing conduct—physically attempting to come into the United States, typically at a border or port of entry and presenting oneself for inspection and authorization." *Kashranov*, 2025 WL 3188399, at *6. It does not describe individuals who have been in the United States for several years. Id. Petitioner was seeking admission in 2022 when he arrived at the United States border. He is no longer seeking admission now. Section 1225(b)(2)(A), therefore, does not apply. See, e.g., *Ramirez v. Bondi*, No. 26-0522, 2026 WL 321442 (E.D. Pa. Feb. 6, 2026) (Rufe, J.); *Vasquez-Rosario v. Noem*, No. 25-cv-7427, 2026 WL 196505 (E.D. Pa. Jan. 26, 2026) (Kenney, J.); *Restrepo v. Jamison*, No. 2:25-cv-6518, 2026 WL 141803 (E.D. Pa. Jan.

**It is FURTHER ORDERED as follows:**

1. Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

2. Respondents shall immediately release Petitioner from custody.

3. Respondents shall certify compliance with this order by filing proof of his release and stating the time and manner of release on the docket no later than June 12, 2026 at 5:00PM E.S.T.

4. Respondents are temporarily enjoined from re-detaining Petitioner for seven days following his release from custody.

5. If Respondents pursue re-detention of Petitioner, they must first provide him with a bond hearing, pursuant to 8 U.S.C. § 1226(a), at which a neutral immigration judge shall determine whether detention is warranted pending the resolution of his removal proceedings.

---

20, 2026) (Leeson, J.); *Chavez v. McShane*, No. 25-6968, 2026 WL 120671 (E.D. Pa. Jan. 16, 2026) (Costello, J.); *Muzofirov v. Jamison*, No. 25-7371, 2026 WL 126153 (E.D. Pa. Jan. 16, 2026) (Scott, J.); *Kanaut v. Rose*, No. 24-6869, 2026 WL 36690 (E.D. Pa. Jan. 6, 2026) (Hodge, J.); *Rios Porras v. O'Neill*, No. 25-6801, 2025 WL 3708900 (E.D. Pa. Dec. 22, 2025) (Beetlestone, J.); *Hurtado v. Jamison*, No. 25-6717, 2025 WL 3678432 (E.D. Pa. Dec. 18, 2025) (Padova, J.); *Anirudh v. McShane*, No. 25-6458, 2025 WL 3527528 (E.D. Pa. Dec. 9, 2025) (Bartle, J.); *Bhatia v. O'Neill*, No. 25-6809, 2025 WL 3530075 (E.D. Pa. Dec. 9, 2025); *Rodriguez Pereira v. O'Neill*, No. 25-6543, 2025 WL 3516665 (E.D. Pa. Dec. 8, 2025) (Marston, J.); *Juarez v. O'Neill*, No. 25-6191, 2025 WL 3473363 (E.D. Pa. Dec. 3, 2025) (Henry, J.); *Nogueira-Mendes v. McShane*, No. 25-5810, 2025 WL 3473364 (E.D. Pa. Dec. 3, 2025) (Slomsky, J.); *Flores Obando v. Bondi*, No. 25-6474, 2025 WL 3452047 (E.D. Pa. Dec. 1, 2025) (Brody, J.); *Diallo v. O'Neill*, No. 25-6358, 2025 WL 3298003 (E.D. Pa. Nov. 26, 2025) (Savage, J.); *Morocho v. Jamison*, No. 25-cv-05930, 2025 WL 3296300 (E.D. Pa. Nov. 26, 2025) (Gallagher, J.); *Espinal Rosa v. O'Neill*, No. 25-cv-6376 (E.D. Pa. Nov. 25, 2025) (Weilheimer, J.); *Ndiaye v. Jamison*, No. 25-6007, 2025 WL 3229307 (E.D. Pa. Nov. 19, 2025) (Sanchez, J.); *Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, 2025 WL 3218243 (E.D. Pa. Nov. 18, 2025) (Diamond, J.).

For the same reasons set forth in *Picon v. O'Neill*, No. 25-6731, 2025 WL 3634212 (E.D. Pa. Dec. 15, 2025), and *Kashranov*, 2025 WL 3188399, which the Court adopts herein, 8 U.S.C. § 1226(a) applies to Petitioner. Individuals detained under §1226(a) are entitled to seek a bond hearing before an Immigration Judge. Petitioner's detention without a bond hearing is, therefore, unlawful, and he is entitled to habeas relief. The appropriate relief for unlawful detention is immediate release.

BY THE COURT:

_____

Hon. Mia R. Perez